UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. NORMAN,

    Plaintiff,

                                  CIVIL NO.: 14-10038
v.                                   HON. LAWRENCE P. ZATKOFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 23RD day of January, 2015

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on the parties' cross motions for summary judgment with respect to Defendant's decision to deny Plaintiff's application for Disability Insurance Benefits. The Court is also in receipt of Magistrate Judge Patricia Morris' Report and Recommendation, wherein the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted.  After a thorough review of the court file, the Report and Recommendation, the objections to the Report and Recommendation filed by Plaintiff, and Defendant's response to Plaintiff's objections to the Report and Recommendation, this Court:

        A.    Adopts Sections II.A.- II.E., Section II.F.1, and Sections II.F.2.a. and II.F.2.b. of the Report and Recommendation and incorporates by reference into this Opinion those portions of the Report and Recommendation;

        B.    Declines to adopt the balance of the Report and Recommendation; and

    C. For the reasons that follow, concludes that this matter must be remanded to Defendant for further proceedings in accord with this Opinion.

## II. ANALYSIS

Plaintiff contends that substantial evidence fails to support the findings of the Defendant with respect to the treating source opinions of Dr. Lakhani and Dr. Austin. Plaintiff also contends that the Defendant failed to properly account for Plaintiff's moderate limitations in concentration, persistence, and pace ("CPP"). Finally, Plaintiff contends that the ALJ's credibility findings as to Plaintiff are not supported by substantial evidence.

**A. Treating Physicians**

As stated by the Magistrate Judge, in weighing the opinions and medical evidence, an ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source, and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). *See also Rogers*, 486 F.3d at 242 (stating that the "treating physician rule," which provides that "greater deference is usually given to the opinions of treating physicians than to those of non-treating physicians," is a key governing standard in social security cases).

The opinion of a treating physician should be given controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (emphasis added); 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees the physician

"with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed. App'x 279, 284 (6th Cir. 2003) (quoting *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987)).

"Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). Therefore, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5 (1996). *See also Rogers*, 486 F.3d at 242. Finally, "[i]t is well settled that the ultimate issue of disability is reserved to the Commissioner." *Kidd v. Comm'r*, 283 Fed. App'x 336, 341 (6th Cir. 2008); *Gaskin v. Comm'r*, 280 Fed. App'x 472, 475-76 (6th Cir. 2008).

In this case, the Court agrees with the Magistrate Judge that there was substantial evidence to support the ALJ not giving the treating physicians' opinions controlling weight. Simply put, there was substantial objective evidence that did not support the opinions of Dr. Lakhani and Dr. Austin — especially as they rendered virtually identical opinions a year apart. Moreover, the Court finds that the ALJ sufficiently articulated the "good reasons" he gave for declining to give controlling weight to the treating physicians.

Accordingly, the Court concludes that substantial evidence supports the ALJ's decision to afford controlling weight to the opinions of Dr. Lakhani and Dr. Austin.

**B.     Concentration, Persistence, and Pace in RFC**

As the Magistrate Judge recognized, "[i]n some cases, courts will remand when an ALJ's 'hypothetical does not include a specific reference to moderate limitations in concentration or pace and only limits the hypothetical individual to unskilled work or simple routine tasks[.]" *Taylor v. Commissioner of Soc. Sec.*, No. 10-CV-12519, 2011 WL 2682682, at *7 (E.D. Mich. May 17, 2011), *report and recommendation adopted*, No. 10-12519, 2011 WL 2682892 (E.D. Mich. July 11, 2011). The Court finds that this case is just such a case. The ALJ's hypothetical failed to take into account the ALJ's own determination that Plaintiff would have difficulty with concentration, finishing tasks, and following written and spoken instructions. Instead, the only psychological limitations included by the ALJ in his hypothetical were for a "low stress job" and "occasional interaction with the public." As the ALJ determined Plaintiff has moderate deficiencies in concentration, persistence, and pace, the ALJ needed to explain how this determination was accounted for in his RFC assessment and hypothetical questions to the VE. Absent such an explanation, the ALJ's RFC findings, and responses to his hypothetical questions from the VE, cannot be said to be supported by substantial evidence. *See Benton v. Comm'r Soc. Sec.*, 511 F.Supp.2d 842 (E.D. Mich. 2007); *Allen v. Comm'r Soc. Sec.,* No. 09-13503, 2010 WL 3905194, at *3 (E.D. Mich. Sept. 30, 2010) (adopting *report and recommendation*, No. 09-13503, 2010 WL 3905983 (E.D. Mich. June 2, 2010)); *see also Brown v. Comm'r Soc. Sec.,* 672 F. Supp. 2d 794, 797 (E.D. Mich. 2009). Accordingly, the Court holds that remanding this matter to the ALJ is appropriate and necessary for purposes of properly accounting for Plaintiff's CPP limitations in his RFC assessment.

**C.     Plaintiff's Credibility**

Social Security Regulations prescribe a two-step process for evaluating subjective complaints

of pain. The plaintiff must establish an underlying medical condition: (1) based on objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

Significantly, as recognized by the Magistrate Judge (emphasis added):

> Additionally, an ALJ is required to fully explain credibility determinations. *See Rogers*, 486 F.3d at 248 ("[B]lanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence."); *see also Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (finding that it is "absolutely essential for meaningful appellate review" for an ALJ to articulate the reasons "for crediting or rejecting particular sources of evidence" (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984))). Social Security Ruling 96-7p states that,
>
>> It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

1996 WL 374186, at *2.

After determining Plaintiff's RFC, the ALJ stated that he considered all Plaintiff's "symptoms and the extent to which" they could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. at 30.) He then reiterated some of Plaintiff's statements regarding why Plaintiff was unable to work:

> [Plaintiff] stated that his entire right side is in pain, and he must use a cane to ambulate. [He] also stated that his eye was injured many years ago, and he is very sensitive to light. He stated that depending on the lighting, a computer or television screen would bother him. [Plaintiff] stated that he can perform household chores, but he needs to take breaks every 15 minutes. He stated that he also has problems with his hands, and he has difficulty reaching over head and holding objects. He stated that if he tries to write, his hands shake uncontrollably.

(Tr. at 31.) Next follows the only place that the ALJ mentions the weight he gives Plaintiff's above statements[]:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment.

(Tr. at 31.) Plaintiff argues that the ALJ erroneously dismissed Plaintiff's credibility using this "result-oriented" boilerplate language and failed to construct a logical bridge to connect the boilerplate language to any credibility determination. (Doc. 12 at 19, 22.)

**I suggest that this boilerplate language alone is not "sufficiently specific to make clear" the weight the ALJ gave to Plaintiff's statements and the reasons for that weight, and therefore does not meet the requirements of Social Security Ruling 96-7p**. SSR 96-7p 1996 WL 374186, at *2; *see Parker v. Astrue*, 597 F. 3d 920, 922 (7th Cir. 2010) (finding the same language to be "meaningless boilerplate. . . . [because it] yields no clue to what weight the trier of fact gave the testimony") (Posner, J.).

The Court agrees with the Magistrate Judge that the ALJ's boilerplate language is not sufficiently specific to make clear the weight the ALJ gave to Plaintiff's statements and the reasons

for that weight; therefore, the ALJ's conclusion does not meet the requirements of Social Security ruling 96-7p. Unlike the Magistrate Judge, however, the Court finds that the ALJ did not sufficiently assess Plaintiff's credibility elsewhere in his October 10, 2012, decision. As such, the Court concludes that this matter must be remanded to the Commissioner for purposes of properly considering and addressing the credibility of Plaintiff.

**D.    Conclusion**

For the reasons set forth above, the Court concludes that:

(1)    The findings of the ALJ as to Plaintiff's CPP limitations and credibility were not sufficient; and

(2)    This matter must be remanded to Defendant for purposes of:

(a)    properly accounting for Plaintiff's CPP limitations in his RFC assessment;

(b)    properly considering and addressing the credibility of Plaintiff; and

(c)    rendering a new decision in accordance with all applicable law.

### III.  CONCLUSION

Accordingly, and for the reasons stated above, the Court hereby GRANTS IN PART Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment,

and REMANDS this matter to Defendant for further proceedings consistent with this Opinion and Order.

    IT IS SO ORDERED.

S/BERNARD A. FRIEDMAN FOR
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2015